IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE,<br>    Plaintiff,<br><br>  v.<br><br>TONY BARON and MR. SIVEC,<br>    Defendants. | Civil Action No. 06-40<br>Judge David S. Cercone<br>Magistrate Judge Caiazza |

### REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's motion to proceed in forma pauperis be denied in accordance with the provisions of 28 U.S.C. § 1915(g) and that this action be dismissed because of the Plaintiff's failure to pay the filing fee. The Plaintiff should be afforded the right to reopen this case by paying the full $250.00 filing fee within sixty days following the entry of the Memorandum Order.

#### II. REPORT

The Plaintiff, John Richard Jae, ("Jae" or "the Plaintiff") is a state prisoner who presently is confined at the State Correctional Institution at Cresson, Pennsylvania. He has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Tony Baran, Corrections Facility Maintenance Manager and Mr. Sivec.

A. **Standard of Review**

On February 21, 2006, this Court received Jae's motion to proceed in forma pauperis in this action and his Complaint. In the Prison Litigation Reform Act("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting prisoner proceedings in civil rights cases in an effort to curb the increasing number of frivolous and harassing suits commenced by persons in custody. Pertinent to Jae's case are the new restrictions imposed upon prisoners seeking to proceed with civil actions without the payment of costs.("IFP"). Specifically, in the PLRA, Congress adopted a new section generically known as the "three strikes rule". The new section is codified at 28 U.S.C. § 1915(g) and provides as follows:

> In no event shall a prisoner bring a civil
> action or appeal a judgment in a civil action
> or proceeding under this section if the
> prisoner has, on 3 or more occasions, while
> incarcerated or detained in any facility,
> brought an action or appeal in a court of the
> United States that was dismissed on the
> grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may
> be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must

be denied IFP status unless he or she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1] Court records show that the Plaintiff has had at least three prior actions dismissed either as being frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in Jae v. White, et al., Civil Action No. 95-2019 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous by Order dated January 4, 1996. In Jae v. Grainey, et al., Civil Action No. 96-637 (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim by Order dated April 8, 1997. In Jae v. Collins, Civil Action No. 95-1442 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous by Order dated September 28, 1995. In Jae v. White, et al., Civil Action No. 95-770 (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim by Order dated December 8, 1995.

Although the Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Jae must allege facts showing that he was in imminent danger at the time the complaint

---

1. The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> Imminent dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent", Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

Nothing in the Plaintiff's Complaint leads the Court to believe that he was in "imminent danger of serious physical injury" at the time the Complaint was filed. Specifically, Jae complains about dust and lint in his cell. Because these allegations do not show that the Plaintiff was in imminent danger of serious physical injury, pursuant to the three strikes rule in 28 U.S.C. § 1915(g), the Plaintiff's motion to proceed IFP should not be granted.

### III. CONCLUSION

Based on the discussion in this Report, it is respectfully recommended that the Plaintiff's motion to proceed in forma pauperis be denied in accordance with the provisions of 28 U.S.C. § 1915(g) and that this action be dismissed because of the his failure to pay the filing fee, with the right to reopen this case by paying the full $250.00 filing fee within sixty days of the entry of the Memorandum Order.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 20, 2006. Responses to objections are due by March 30, 2006.

*Francis X. Caiazza*
FRANCIS X. CAIAZZA
United States Magistrate Judge

March 3, 2006

cc: David S. Cercone
United States District Judge

John Richard Jae, BQ-3219
SCI Cresson
P.O. Box A
Cresson, PA 16699